UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



LUANNE NICOLOSI,

    Plaintiff,

v.

DEPT. OF HOMELAND SECURITY CBP
SECRETARY,

    Defendant.

17-CV-773
DECISION & ORDER

## INTRODUCTION

On August 9, 2017, the *pro se* plaintiff, Luanne Nicolosi, filed a complaint asserting employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, against Customs and Border Protection ("CBP"), a division of the Department of Homeland Security ("DHS"). Docket Item 1. On August 25, 2017, Nicolosi moved for service by the United States Marshals Service ("Marshals"). Docket Item 3. This Court granted that motion on April 6, 2018. Docket Item 4. Although Nicolosi named only the "Department of Homeland Security CBP Secretary" as a defendant to this action, she asked the Marshals to serve three individuals: the "DHS/CBP Secretary," "Robert Richardson, CBP/DHS," and "Jordan Then, CBPS/DHS." *See* Docket Items 7-9. Richardson and Then are Nicolosi's former supervisors at CBP in Grand Island, New York. *See* Docket Item 1.

On September 14, 2018, the Marshals returned all three summonses as unexecuted. *See* Docket Items 7-9. And on September 18, 2018, the defendant moved (1) under Rule 17(d) of the Federal Rules of Civil Procedure, to substitute then

Secretary of DHS Kirstjen Nielsen as the named defendant in place of "Dept. of Homeland Security and CBP Secretary"; (2) under Rule 12(b)(6), to dismiss the complaint against Richardson and Then for failure to state a claim upon which relief may be granted; and (3) under Rule 12(b)(5), to dismiss the complaint against the Secretary of DHS for insufficient service of process. Docket Item 10. On October 1, 2018, Nicolosi opposed that motion. Docket Item 16.

For the reasons that follow, the Court grants the defendant's motion in part and denies it in part.

## DISCUSSION

### I. MOTION TO SUBSTITUTE SECRETARY WOLF AS THE DEFENDANT TO THIS ACTION

The defendant first asks this Court to substitute Secretary of DHS Kirstjen Nielsen as the named defendant in place of "Dept. of Homeland Security and CBP Secretary." Under Rule 17(d), "[a] public officer who sues or is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added." The Court grants the defendant's motion but directs the Clerk of Court to substitute the current Acting Secretary of DHS, Chad Wolf. The Court will refer to the "Dept. of Homeland Security and CBP Secretary" as "the Secretary" for the remainder of this decision and order.

### II. MOTION TO DISMISS UNDER RULE 12(B)(6)

Richardson and Then also move under Rule 12(b)(6) to dismiss the complaint as against them for failure to state a claim upon which relief may be granted. Docket Item 10. Although Nicolosi does not name either individual as a defendant in the caption of

2

her complaint, she has asked the Marshals to serve both individuals and refers to them elsewhere in the body of her complaint.

Under 42 U.S.C. § 2000e-16(c), an employee may file an action in federal court challenging a decision of the Equal Employment Opportunity Commission, "in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." *Id.*; *see also Healy v. U.S. Postal Serv.*, 677 F. Supp. 1284, 1287 (E.D.N.Y. 1987) ("[T]he party bringing [a Title VII] action must name the head of the agency or department as this is the only proper party defendant in a Title VII action.").

Because neither Richardson nor Then is the head of CBP or DHS, the Court grants their motion to dismiss them as parties to this action.

### III. MOTION TO DISMISS UNDER RULES 12(B)(5)

Finally, the Secretary moves under Rule 12(b)(5) to dismiss the complaint for insufficient service of process. The Secretary argues that service in this action was both untimely and improper.

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (alteration in original) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).

The requirements for serving a United States officer sued in his official capacity are found in Rule 4(i). Under Rule 4(i)(2), to serve "a United States officer or employee sued only in an official capacity," a party must "serve the United States and send a copy

3

of the summons and of the complaint by registered or certified mail to the . . . employee." Rule 4(i)(1), in turn, provides that to serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

*Id.* Proper service in this action therefore required that Nicolosi (1) deliver or mail (registered or certified) a copy of the summons and complaint to the United States Attorney's Office for the Western District of New York, (2) mail (registered or certified) copies of the same to the United States Attorney General, and (3) mail (registered or certified) copies of the same to the Secretary.

The requirements for timely service of process are found in Rule 4(m). Under Rule 4(m), a plaintiff has 90 days from the date she files her complaint to effect service. If she does not meet the 90-day deadline, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "Even if a plaintiff . . . chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline," a court still may dismiss the action under Rule 4(m) if the plaintiff does not "advise the [court] that she is relying on the Marshals to effect service and request a further extension of time for them to do so." *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

4

Significantly, however, "if the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period." Fed. R. Civ. P. 4(m). When presented with a motion to dismiss for untimely service, this Court therefore has the discretion either to dismiss the action without prejudice or to extend the time for service, weighing "the impact that a dismissal or extension would have on the parties." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). What is more, this Court has the "discretion to grant extensions . . . even in the absence of 'good cause.'" *Meilleur*, 682 F.3d at 61 (quoting *Zapata*, 502 F.3d at 196).

Here, Nicolosi filed her complaint on August 9, 2017. Docket Item 1. She moved for service by the Marshals roughly two weeks later—well within the 90-day time period provided by Rule 4(m). Docket Item 3. This Court did not act on that motion until April 6, 2018. Docket Item 4. In granting Nicolosi's request, the Court noted:

> The [Marshals] will make every effort to serve the summons and complaint expeditiously, but it is the plaintiff's responsibility to be aware of the deadline for service. And in this case, although it has been well over 90 days since the complaint was filed, because the plaintiff moved for service within 90 days, the Court will extend the time for service to 90 days from the date of this decision. If service has not been accomplished by the time that deadline approaches, it is the plaintiff's responsibility to follow up with the [Marshals] to ensure timely service.

Docket Item 4 at 2. Nicolosi therefore had until July 5, 2018, to effect service.

But Nicolosi made no attempt to serve the United States Attorney's Office or the Attorney General of the United States. *See* Docket Item 11-12. Nor did she attempt to cure this defect even after she was made aware of it by both the Marshals and the Secretary in his motion to dismiss. *See Kurzberg v. Ashcroft*, 619 F.3d 176, 185 (2d Cir. 2010) ("[N]otification to the plaintiff by the defendant, rather than by the court, of a defect in the service of process is sufficient to start the clock on the reasonable amount

5

of time afforded to the plaintiff to cure the defect."). Rather than request an extension of time to effect service, Nicolosi responded to the motion to dismiss, in sum and substance, that because she timely provided the Marshals with a copy of the summons and complaint, this Court should excuse any error.

Although this Court recognizes that this action was commenced over three years ago, it nevertheless exercises its discretion to extend Nicolosi's time to effect proper service. The intricacies of service on a federal officer are understandably difficult for a pro se litigant to grasp. Cf. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) ("[Courts] construe complaints filed by pro se litigants liberally."). True, Nicolosi might have explicitly requested an extension as soon as she became aware of the defect in service, but the Court construes her response to the motion to dismiss as implicitly doing so. And as evidenced by the motion to dismiss, the Secretary was on notice of the action within, at most, two months of the time the service period elapsed—a not unreasonable time for actual notice. Finally, granting Nicolosi an extension accords with the Second Circuit's "oft-stated preference for resolving disputes on the merits." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993); see also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (noting "a strong preference for resolving disputes on the merits").

## CONCLUSION

For the reasons stated above, the defendant's motion to dismiss, Docket Item 10, is GRANTED IN PART and DENIED IN PART. The defendant's motion to substitute the Acting Secretary of DHS, Chad Wolf, as the named defendant in place of "Dept. of Homeland Security and CBP Secretary," is GRANTED; the defendant's motion to

dismiss the complaint against Richardson and Then is GRANTED; but the defendant's motion to dismiss for insufficient service of process is DENIED.

## ORDER

In light of the above,

IT IS HEREBY ORDERED, under Rule 17(d), that the Clerk of Court shall substitute "Chad Wolf, Acting Secretary of the Department of Homeland Security," as the named defendant in place of "Dept. of Homeland Security and CBP Secretary"; and it is further

ORDERED, under Rule 12(b)(6), that the complaint is dismissed as against Richardson and Then, and the Clerk of Court shall terminate them as parties to this action; and it is further

ORDERED, under Rule 4(m), that Nicolosi shall have until **June 1, 2020**, to properly effect service on defendant Wolf; and it is further

ORDERED that the Clerk of Court shall send to Nicolosi three Marshals Process Receipt and Return forms ("USM-285 form")—one each for the United States Attorney's Office for the Western District of New York, the United States Attorney General, and defendant Wolf—and shall issue and send to Nicolosi a summons for defendant Wolf; and it is further

ORDERED that upon receipt of the USM-285 forms and summons, Nicolosi shall (1) pay the service fee of **$8.00 per summons and complaint** to the Marshals by money order or certified check and (2) provide the Marshals with all necessary papers for service, including (i) a copy of this order, (ii) a copy of the complaint, (iii) the

completed USM-285 forms, and (iv) one summons issued by the Clerk of Court for defendant Wolf; and it is further

ORDERED that upon receipt of the service fees and papers, the Marshals shall effect service of the summons and complaint upon defendant Wolf by sending via registered or certified mail a copy of the summons and complaint to the United States Attorney's Office for the Western District of New York, the United States Attorney General, and defendant Wolf. **Nicolosi** is advised that she **must effect service by June 1, 2020**. It is Nicolosi's responsibility to inquire of the Marshals at 716-348-5300 as to whether service has been made and, if necessary, to request an extension of time for service. See Meilleur, 682 F.3d at 63. If Nicolosi has not made service or requested an extension of time in which to do so by June 1, 2020, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b); and it is further

ORDERED that Nicolosi shall notify the Court in writing if her address changes. The Court may dismiss this action under Local Rule 5.2(b) if Nicolosi fails to do so.

SO ORDERED.

Dated: March 11, 2020
Buffalo, New York

LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE